THE STATE OF OHIO, APPELLANT, *v.* DODSON ET AL.,
APPELLEES.

(No. 33438—Decided December 19, 1974.)

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr.
Thomas J. Wagner*, for appellant.
*Mr. James R. Willis*, for appellees.

CORRIGAN, J. This is an appeal by the state of Ohio from the trial court's finding that a police captain's affidavit did not establish probable cause for the issuance of a search warrant.

The relevant portions of the affidavit can be summarized as follows:

1. The affiant has received reliable information from an informant who has provided the Cleveland Police Department with information in many instances in the past resulting in the arrest and conviction of gambling violators.

2. The informant has advised the affiant that he has visited the premises on numerous occasions, that he has been there within the past week, that the premises are being used as a clearing house office for the promotion of numbers games, and that the person in charge is one Robert Dodson.

3. Upon receiving this information the affiant has personally maintained a surveillance of the premises for the past week and has seen persons coming and going who are known to him to be gambling violators.

4. The affiant has come to know gambling violators as a policeman for twenty-seven years and in connection with his duties as a member of the Vice-Enforcement Unit.

5. The affiant has information that Robert Dodson, who is personally known to him as having a history of clearing house violations, has entered the premises on at least three separate occasions during the past week.

6. Another individual known to be involved in gambling violations has been seen entering the premises on at least two separate occasions during the past week.

Based upon the affidavit the issuing magistrate directed that the search warrant be issued and served. Six persons were arrested and several items were confiscated, including adding machines, a calculator, clearing house slips, tapes, and more than $1,000 in cash.

The trial judge conducted a hearing on the defendants' motion to suppress the evidence and found that probable cause for the issuance of a search warrant was lacking be-

cause the affidavit did not contain facts to support the affiant's conclusions. He stated: "There is no question in my mind that Captain Delau had the proper information, but that information is not set forth and contained in the affidavit."

An examination of the record discloses that the unsupported conclusions to which the trial judge was referring were that the premises were being used as a clearing house office for the promotion of numbers games, and that the persons coming and going were known gambling violators.

We do not find these assertions to be unsupported. Affidavits are to be given their common-sense meaning and are not to be read hyper-technically. *United States* v. *Ventresca* (1965), 380 U. S. 102. It is clear from reading the affidavit that the two conclusions in question were based upon the personal observations of the informant and the affiant. The informant's statement that a clearing house was being operated was based upon his visits to the premises and the affiant's statement that known gamblers were coming and going was based upon his surveillance and his personal knowledge of gamblers.[1] When an affidavit demonstrates that personal observations have been made by persons familiar with criminal activity, it cannot be said that the conclusions in the affidavit based upon those observations are unsupported.

On appeal appellees do not attempt to argue that the affidavit contains unsupported conclusions. Instead they raise two additional arguments:

1. The affidavit does not establish probable cause because the credibility of the informant is not sufficiently demonstrated.

2. The search warrant is invalid because it is based upon an affidavit which contains intentional and material misstatements.

---

[1] In finding probable cause for a search warrant a magistrate may properly rely upon a police officer's knowledge of the criminal reputation of the suspect, although rules of evidence would not permit that same information to be admitted at trial. *United States* v. *Harris* (1971), 403 U. S. 573.

We find that on its face the affidavit meets the basic two-pronged test for the establishment of probable cause for a search warrant appearing in *Aguilar* v. *Texas* (1964), 378 U. S. 108. That test provides that the affidavit must contain some of the underlying circumstances from which (1) the informant concluded that a crime was being committed, and (2) the affiant concluded that either the informant was credible or his information reliable.

In the present case the affidavit demonstrates that the informant is familiar with gambling operations and that he concluded that there was criminal activity based upon his personal observation of the operation. As noted above, the personal observations of an informant constitute underlying circumstances from which he can properly conclude that a crime is being committed. *Jones* v. *United States* (1960), 362 U. S. 257; *United States* v. *Harris, supra.*

The affiant concluded that the informant was credible based upon the fact that the informant had provided reliable information in the past. An informant's past performance is an underlying circumstance from which an affiant can properly conclude that he is credible. *McCray* v. *Illinois* (1967), 386 U. S. 300; *Jones* v. *United States, supra.*

At this point we find that the requirements of the *Aguilar* test have been met. We wish to note, however, that the United States Supreme Court in *Spinelli* v. *United States* (1969), 393 U. S. 410, has set forth an alternative to the *Aguilar* test which could also be applied here. *Spinelli* emphasizes the last part of the *Aguilar* test and in essence holds that if the affidavit does not meet the *Aguilar* standards probable cause still exists if the information is corroborated so as to be as reliable as information meeting the test. In the case before us the informant's statements were corroborated by the surveillance of the premises. The original information coupled with the corroboration was sufficient to meet the *Spinelli* standards. Therefore, we find that the requirments of both *Aguilar* and *Spinelli* have been met.

The affidavit need not make out a prima facie case against the defendant nor is it necessary that the magis-

trate be convinced beyond a reasonable doubt. *United States* v. *Harris, supra; Spinelli* v. *United States, supra.* All that is required is that the affidavit set forth facts giving the magistrate reason to believe that the items in question are located on the premises. *Dumbra* v. *United States* (1925), 268 U. S. 435. This affidavit clearly meets that standard.

Appellees further urge this court to affirm the lower court's ruling upon the basis that the affidavit contains intentional and material misstatements. They cite *United States* v. *Damitz* (1974), 495 F. 2d 50, a case recently decided in the United States Court of Appeals for the Ninth Circuit. *Damitz* holds that an informant's intentional and material false statements in an affidavit are not fatal to a search warrant if probable cause still exists after the false statements are omitted from the affidavit. The court went on to say that the case might be different if a government agent had made material false statements.

It is argued that the affiant made an intentional and material misstatement when he stated that known gambling violators were coming and going from the premises. While appellees contend that the affiant was referring to only one man, Robert Dodson, it is clear from the evidence adduced at the hearing that the captain was referring to three men: Dodson, who had been arrested and convicted of possession of clearing house slips; Moore, who had been arrested for gambling; Jackson, who had a reputation for gambling. A suspect's criminal reputation is properly included in an affidavit for a search warrant. *United States* v. *Harris, supra.* We find no misstatement here.

The affiant stated that he had information that Robert Dodson was at the premises at least three times in the past week and that another individual had been seen at the premises at least two times in the last week. Appellees characterize these as material and intentional misstatements because, written in the grammatical passive voice, they give the impression that someone other than affiant observed these persons while the oral hearing revealed that these were observations made by the affiant himself.

We fail to find that these misstatements, if they be such, are either intentional or material. In their present form the statements aid in establishing probable cause. Had they been written so as to reflect the fact that affiant actually observed these persons they could only have strengthened the establishment of probable cause. It is to be noted that the affidavit was prepared in the form of the third person. There is no showing that these statements were made with the intention of hiding the truth, or that they materially alter the establishment of probable cause.

Appellees also contend that an intentional and material misstatement was made by affiant when he referred to Robert Dodson as having ''a history of clearing house violations'' when, in fact, Robert Dodson had only one arrest and conviction for possession of clearing house slips in 1961 or 1962. Admittedly this statement gives the impression that Dodson has more than one conviction although the word ''violations'' can be interpreted as including criminal activity for which he has not been convicted, especially in view of the fact that the first part of the same statement reads: ''Affiant states that one Robert Dodson is personally known to him in connection with his police duties as a member of the Vice-Enforcement Unit.'' Upon review of the record one can conclude that the affiant did overstate the fact if he meant to convey the idea of convictions. Nevertheless, in the overall language of the affidavit he does inform the magistrate that Robert Dodson's gambling reputation was personally known to him. We do not find that affiant intentionally misstated a fact. Furthermore, as in *United States* v. *Damitz, supra,* probable cause still exists for the issuance of the search warrant after the statement in question is omitted from the affidavit.

Appellees raise the point that the affiant testified at the hearing that he saw Jackson take a package out of the trunk of his car and bring it into the building. It was then demonstrated that the car in question had no trunk. It is appellees' position that affiant's credibility was thereby com-

pletely destroyed and as a result the entire affidavit should fail. We do not agree.

Since there is no mention made in the affidavit of this incident of seeing Jackson take something from his car, this matter was not before the issuing magistrate. Therefore, we are dealing with affiant's general credibility and not as it relates to any statement in the affidavit. The most that can be said is that affiant's credibility was brought into question at the hearing and questions of credibility are to be passed upon by the trier of the facts. The judge, the trier of the facts in this case, indicated that he believed the affiant and the statements he was making when he said "There is no question in my mind that Captain Delau had the proper information." The statements made in the affidavit and the corroborating facts adduced at the hearing support the judge's assessment of the affiant's credibility.

The facts in the case before us are similar to those in *United States* v. *Harris, supra*. In that case the court held that an informant's personal observations coupled with the officer's knowledge of the accused's background was sufficient to establish probable cause under *Aguilar* and *Spinelli*. In addition to the factors in *Harris*, we have the corroborating surveillance of the premises. We agree with counsel for appellees that one who has been convicted of a crime does not walk around "forever enveloped in probable cause." On the other hand, we point out that the requirements for the establishment of probable cause are not more stringent for suspects with prior convictions than they are for anyone else.

For the foregoing reasons the judgment of the Common Pleas Court is reversed and the case is remanded for further proceedings according to law.

*Judgment reversed.*

KRENZLER, P. J., and MANOS, J., concur.