THE STATE OF OHIO, APPELLANT, *v.* HUNT, APPELLEE, ET AL.

(No. 47941—Decided November 26, 1984.)

*John T. Corrigan,* prosecuting attorney, and *John J. Ricotta,* for appellant.

*James R. Willis,* for appellee.

NAHRA, J. On January 20, 1983, the police executed a search warrant at 11610 Castlewood Road and found approximately five pounds of marijuana, cocaine, $11,000 in cash, and other drug paraphernalia. Russell Hunt, appellee, lived at and owned the premises. He was arrested at the time of the search, along with a tenant of his and a third person, neither of whom are subjects of this appeal.

Appellee filed a motion to suppress on April 14, 1983. After a hearing, the trial judge overruled appellee's motion, but upon reconsideration, granted appellee's motion. The state, appellant herein, timely appealed raising the following assignment of error:

"The trial court erred in suppressing state's evidence."

Appellant contends that the content of the police officer's affidavit, which was submitted to obtain the search warrant for marijuana and items related to the sale thereof, was sufficient to establish probable cause.

In order to establish probable cause for the issuance of a search warrant, an affiant must set forth sufficient information in an affidavit which will give a magistrate reason to believe that the items in question are located on the suspect premises. *State* v. *Haynes* (1971), 25 Ohio St. 2d 264, 266 [54 O.O.2d 379]; *State* v. *Dodson* (1974), 43 Ohio App. 2d 31, 35 [72 O.O.2d 190]. In this case, the relevant portions of the affidavit can be summarized as follows:

1. Affiant has been a police officer for ten years, has received training with respect to the manner in which sellers of controlled substances operate, and has made over two hundred drug-related arrests in the last year and one-half;

2. Affiant met with an informant who has provided reliable information in the past leading to the arrest of ten individuals;

3. Affiant observed a controlled purchase of marijuana by the informant at the suspect premises;

4. The informant advised affiant that he had made several uncontrolled purchases in the past at the suspect premises from the same person;

5. Affiant and other police officers have observed medium pedestrian traffic going to and from the subject premises for short intervals during the past two weeks; and

6. The Cleveland Police Department has received numerous citizens' complaints of drug activity at the

suspect residence within the past two weeks.

Based upon the record, appellee was able to show that certain misstatements were made in the affidavit.[1] When that is established, the court must determine whether, after excision of the false matter, the affidavit is left with insufficient content to establish probable cause. *Franks* v. *Delaware* (1978), 438 U.S. 154, 156[2]; *United States* v. *Jenkins* (C.A. 6, 1984), 728 F.2d 396; *United States* v. *Riccio* (C.A. 10, 1984), 726 F.2d 638; *United States* v. *Johnson* (C.A. 3, 1982), 690 F.2d 60, certiorari denied (1983), 459 U.S. 1214; *United States* v. *Young Buffalo* (C.A. 9, 1979), 591 F.2d 506, certiorari denied (1979), 441 U.S. 950; see *State* v. *Dodson* (1974), 43 Ohio App. 2d 31, 36 [72 O.O.2d 190]. If the remaining content is insufficient, the warrant must be voided and the fruits of the search must be suppressed. *Franks, supra,* at 156; see, *e.g., Young Buffalo, supra,* at 509. In other words, the deliberate falsehoods and/or reckless misstatements must be material to the finding of probable cause in order to invalidate a search warrant.

In this case, the challenged statements (numbered paragraphs 2, 4, and 6 above) were mere surplusage and immaterial since probable cause still existed for the issuance of a search warrant for marijuana and instruments used in the sale of marijuana even absent the statements in question. Certainly, the observation of a controlled purchase of marijuana on a resident's porch by an experienced police officer where the seller enters the home and returns with a bag of marijuana is sufficient to establish probable cause to search the residence. This information is further supported by the observations of the affiant and other police officers surveilling the premises for the two preceding weeks.

We do want to emphasize that intentional or reckless police misconduct is not being condoned herein and that suppression remains a viable remedy under appropriate circumstances. In this particular case, however, despite the falsehoods and misstatements contained in the affidavit, the affiant had direct knowledge of a sale of marijuana by the defendant at the premises in question. For this reason, the misstatements in the affidavit were unnecessary to the finding of probable cause. Accordingly, appellant's assignment of error is sustained.

The judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

---

[1] The trial court's reasons for suppressing the evidence are not apparent from the record, although both parties have attached a letter from the trial judge to the prosecutor and the defense attorneys dated December 16, 1983, which states, in sum, that the police informant was not reliable. Items attached to briefs, duplicates of which are not in the lower court's file transferred to this court, are not a part of the record and will not be considered by this court. *State* v. *Hawley* (1984), 20 Ohio App. 3d 59, at fn. 1; see *Lamar* v. *Marbury* (1982), 69 Ohio St. 2d 274 [23 O.O.3d 269]. In this case, however, the transcript supports the fact that certain misstatements were made, and the transcript is a part of the record. Moreover, even considering the items attached to the briefs, uncontested by either side, our conclusion would be the same.

[2] While we recognize that the United States Supreme Court recently stated in *United States* v. *Leon* (1984), 82 L. Ed. 2d 677, 701, that "suppression is appropriate * * * if the officers were * * * reckless in preparing their affidavit," we find nothing in *Leon* which indicates that the Supreme Court intended to modify or abandon the standards enounced in *Franks* v. *Delaware* (1978), 438 U.S. 154. In fact, the Supreme Court cited *Franks* with approval in *Leon.*

PRYATEL, J., concurs.

JACKSON, P.J., dissents.

JACKSON, P.J., dissenting. I respectfully dissent from the decision of the majority to reverse the judgment of the trial court which granted a motion by defense counsel to reconsider and suppress evidence introduced by the state.

In support of his motion for reconsideration, appellant contended that the affiant policeman willfully misrepresented and fabricated certain contentions made in the affidavit for the search warrant. The trial court failed to state on the record its reasons for granting the defense motion for reconsideration; the journal entry merely stated that the motion for reconsideration was granted. Subsequently, however, the trial court in a letter to both the prosecutor and defense counsel did state its reasons for granting the motion. "In lieu of a more formal memorandum," the court stated that the "reliable informant" referred to in the police affidavit *did not exist*. The trial court further indicated that this fact was ascertained from an *in camera* inspection of the "reliable informant's" statement and the in-chambers examination of the police officers and the prosecutor. The trial court also indicated that the courtroom testimony of the police officer was inconsistent with the statement of the informant:

"* * * This man had not 'provided information in the recent past about the location of drug houses'; had not 'made multiple controlled purchases of drugs for the affiant'; did not say 'that he had previously made several uncontrolled purchases of drugs at the aforementioned described premises from the person previously described'; nor have the police received 'numerous citizens complaints of drug activity at the above addresses within the past two weeks.' "[3]

This letter from the trial court to both counsels was dated December 16, 1983, six days before the entry of the court on December 22, 1983 granting the motion for reconsideration.

Appellant argues on appeal that the court erred in suppression of the state's evidence.

Initially, it should be emphasized that although the letter from the trial court is not a part of the official record of the case at bar, both parties attached a copy to their briefs. At the hearing before this court on the merits, neither party disputed the authenticity of the letter. Consequently, this writer is persuaded that the letter can be properly considered as a part of the record of proceedings in the disposition of this matter.

The appellant argues that even if the trial court determined that certain inconsistencies were present in the affidavit, they were certainly not of the magnitude to render the entire affidavit defective. The appellant points out that an anonymous telephone tip about narcotic sales coupled with the representation of the police officers as to a "controlled buy" on January 13, 1983 at the same address should be sufficient to save the affidavit even if the other allegations were demonstrably false. Thus, the appellant argues that probable cause for the search still existed because any misrepresentations were not necessary to that finding.

The Supreme Court stated in *Franks* v. *Delaware* (1978), 438 U.S. 154, 164-165:

"* * * '[W]hen the Fourth Amendment demands a factual showing sufficient to comprise "probable cause," the obvious assumption is that there will be a truthful showing'* (emphasis in original). This does not mean 'truthful' in the sense that every fact recited in the war-

---

[3] See Appendix at 47-48, the December 16, 1983 letter from the trial court to prosecutor and defense counsel.

rant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. *But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true. * * *"* (Emphasis added.)

"Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *United States* v. *Leon* (1984), 82 L.Ed. 2d 677, 698-699. The false or misleading information, however, must have been *necessary* to the finding of probable cause in order for the remedy of suppression to be appropriate. *Franks* v. *Delaware, supra,* at 156.

In view of the trial court's letter specifically detailing the *material inconsistencies* in the affidavit, I cannot say that those false allegations were not necessary to the finding of probable cause.

The integrity of the affidavit was substantially diminished if all the false allegations were stricken from it. Additionally, the trial court could justifiably have found that the police officer knowingly made false statements in view of the "reliable informant's" statement contrasted with the officer's testimony. The trial court also found that the anonymous telephone caller *was* the "reliable informant." All that remained of this affidavit was the bare allegation that a "controlled buy" of a small amount of marijuana occurred. The trial court necessarily may have concluded that this statement was also false.

In my considered opinion the majority has invaded the prerogative of the trial court and substituted its opinion for that of the trial court without support from the record. This determination further erodes the constitutional safeguards of the citizens against illegal searches and seizures, condones "reckless behavior by police in preparing affidavits" and rewards prosecutorial procedures which demonstrate the old adage "that the end justifies the means."

I dissent.

COURT OF COMMON PLEAS

COUNTY OF CUYAHOGA

CLEVELAND, OHIO 44113

JOHN L. ANGELOTTA
JUDGE

December 16, 1983

Assistant County Prosecutor John J. Ricotta
The Justice Center
1200 Ontario Street
Cleveland, Ohio  44113

John H. Carson, Jr., Esq.
1949 East 105th Street
Cleveland, Ohio  44106

James R. Willis, Esq.
610 Bond Court Building
Cleveland, Ohio  44114

       RE:   The State of Ohio v. Russell Hunt and Charles Gordon
             Case Nos. CR-179763-A and CR-179763-C

Gentlemen:

    This letter is an expression of the opinion of the Court in the captioned case, and is written in lieu of a more formal memorandum.

    On October 25, 1983, the Court overruled defendant's Motion to Suppress. Now before the Court is defendant's Motion for Reconsideration.

    When the original motion to suppress was granted, the evidence showed that police received an anonymous telephone call in reference to drug trafficking at the address of the defendants. That evidence further showed that a reliable informant had advised police of drug trafficking at the residence of these defendants. The affidavit of the police officers supports these contentions.

    Mr. Willis charged that all of the above is not true. He states that both the affidavit and the testimony is false. Citing applicable law in his brief, he asks that the reliable informant be examined by the Court in camera. The police officer and the prosecutor, at my direction, appeared in chambers. I was advised that the reliable informant was in Columbus, Ohio, but that they had a statement from him. The statement was produced, a copy of which is attached hereto.

    The in camera appearance of the reliable informant is not necessary. Clearly, he does not exist. What occurred was that the police received an anonymous telephone call suggesting drug trafficking at the residence. They then solicited a man whom they knew to simply perform the service of attempting a drug buy. He was like a snitch. He was not a reliable informant.

APPENDIX "A"
-1-

-2-

Courtroom testimony and the affidavit are inconsistent with the attached statement. This man had not "provided information in the recent past about the location of drug houses"; had not "made multiple controlled purchases of drugs for the affiant"; did not say "that he had previously made several uncontrolled purchases of drugs at the aforementioned described premises from the person previously described"; nor have the police received "numerous citizens complaints of drug activity at the above addresses within the past two weeks."

The reliable informant is the anonymous telephone caller.

Motion to Reconsider is granted. On reconsideration, the Motion to Suppress is granted. The constitutional rights of the defendants were violated as there was no reliable informant. The evidence seized in this warrantless search is suppressed by reason of this rights violation.

Although defendants waived their speedy trial rights, this case is some eight months old. Accordingly, the case is scheduled for trial on Thursday, December 29, 1983.

Very truly yours,

John L. Angelotta
Judge

JLA:jmc

Enclosure