THE STATE OF OHIO, APPELLEE, *v.* STEBNER, APPELLANT.

(No. 1750—Decided March 21, 1988.)

*John J. Plough,* prosecuting attorney, and *John M. Williams,* for appellee.

*Cozza & Steuer* and *John T. Price,* for appellant.

FORD, J. On May 30, 1985, the Streetsboro police questioned John Andresh at his home about the theft of a television set. Andresh went to the Streetsboro police station with the police where he was further questioned about the television set and his prior record of three felonies. Andresh agreed to help the police with the local drug problem and became the informant in the present case. That day, using police money, Andresh obtained a small amount of cocaine from the residence of appellant's neighbor, whom Andresh knew would have illegal drugs at his home. Based on the cocaine procured by Andresh, a search warrant was issued, leading to the eventual indictment of the neighbor and his wife.

Later that same day, the Streetsboro police obtained a warrant to search the residence of the appellant, Glenn O. Stebner, which warrant was based on information provided to the police by Andresh. According to the police officer with whom Andresh spoke, Andresh stated that he saw marijuana being removed from appellant's residence and that he had been with people who bought marijuana from appellant's residence. The police officer, in an affidavit, relayed

this information to the Portage County Municipal Court, as well as the statement that Andresh had given reliable information in the past concerning the sale of drugs. This past reliable information was the tip given to the officer earlier that day that appellant's neighbor sold drugs. Andresh had no previous dealings as an informant.

A search warrant was issued which stated that the items to be sought and seized were "marijuana and any other fruits and instrumentalities of the crime yet to be determined." During the course of the search, the police discovered hunting guns in plain view. Knowing that the appellant had previously been convicted of a felony, the police confiscated the guns. Appellant was later indicted on three counts, receiving stolen property, drug abuse and having a weapon while under a disability, namely, a prior conviction for unarmed robbery. He pleaded not guilty to all counts.

On October 8, 1985, appellant filed a motion to compel disclosure of the identity of the confidential informant who had provided the information which formed the basis of the search warrant, as well as a motion to suppress the evidence seized during the search. After a hearing, both motions were denied and the case proceeded to trial. When the state rested, the appellant moved for a dismissal on all counts. The court dismissed two of the counts but not the third. He was found guilty of having a weapon while under a disability.

Subsequently, appellant was granted a new trial by the trial court on June 24, 1986, principally because, in April 1986, Andresh stated, in an affidavit, that much of what he had told the Streetsboro police on May 30, 1985 was fabricated. His affidavit indicated that, at the time, he was "afraid of returning to the penitentiary" and that

he was "willing to tell the police anything they wanted to hear." He stated that he never saw anyone buy drugs at the appellant's house and that instead of purchasing cocaine from appellant's neighbor with the police money, he repaid a debt that he owed the neighbor, took some cocaine from the neighbor's residence without his knowledge, and returned to the police.

A second motion to suppress the weapons seized during the search was filed on August 6, 1986, alleging a lack of probable cause, that the warrant was defective, and that the informant was unreliable. The denial of this motion prompted a no contest plea by the appellant. The trial court found him guilty of having a weapon while under a disability and he has appealed the denial of his second motion to suppress.

In his sole assignment of error, the appellant contends that:

"The trial court committed prejudicial error by overruling the Defendant's motions to suppress."

Appellant's assignment of error is based on three grounds. First, appellant claims that the search warrant was constitutionally defective because the language employed in the search warrant permitted a general exploratory search of appellant's residence. The warrant stated that "marijuana and any other fruits and instrumentalities of the crime yet to be determined" were to be seized. Additionally, the police officer who made out the affidavit and who helped in the search stated, on cross-examination at the suppression hearing, that he believed the warrant permitted him to search for items pertaining to *any* crime. The relevant testimony is set forth as follows:

"Q. Showing you what appear[s] to be the search warrant itself on the Stebner residence from May 30, 1985, do you recognize that?

"A. Yes.

"Q. And is that the warrant that was given to you by the Judge of the Portage County Municipal Court?

"A. Yes.

"Q. And that authorized the Police Department to search for marijuana and any other fruits and instrumentalities of the crime yet to be determined, correct?

"A. Correct.

"Q. And I believe you already testified in this Court under oath that you felt that that was a license to search for any criminal items, correct?

"A. Correct.

"Q. Criminal items of marijuana or any crime?

"A. Any crime."

While we are mindful of the Fourth Amendment prohibition against general exploratory searches, this court is of the opinion that the search warrant in question was of such specificity as to be constitutionally valid. In *Andresen* v. *Maryland* (1976), 427 U.S. 463, the Supreme Court held that the phrase " 'together with other fruits, instrumentalities and evidence of crime at this [time] unknown' " (*id.* at 479) at the end of a search warrant description of items to be seized, relevant to the crime of false pretenses, did not make the search warrant a general warrant. The quoted phrase could not be used to seize evidence of *any* crime, but, read in context with the enumerated items to be seized preceding the "other fruits" phrase, it authorized the search and seizure of "other fruits" of the crime of false pretenses.

In the present case, the affidavit of the police officer stated that appellant had in his possession "marijuana and any other fruits and instrumentalities of the crime yet to be determined, knowing the same to be trafficking in violation of Ohio Revised Code Section 2925.03." Adopting the logic of *An-*

*dresen, supra,* and conforming it to the case at bar, " * * * [w]e think it clear from the context that the term 'crime' in the [warrant] refers only to the crime of [trafficking] * * * with respect to the [possession of marijuana] * * *. The [warrant], accordingly, did not authorize the executing officers to conduct a search for evidence of other crimes but only to search for and seize evidence relevant to the crime of [trafficking] * * *." *Id.* at 480-482.

Appellant relies in part on *State* v. *Porter* (C.P. 1977), 53 Ohio Misc. 25, 7 O.O. 3d 343, 373 N.E. 2d 1296, for the contention that the items to be searched for must be particularly identified and not left to the discretion of the searcher. We agree. However, the fact that the affiant-police officer herein believed that the warrant permitted him to seize evidence of any crime is not dispositive of the issue of the warrant's constitutionality. The subjective belief of an affiant *would* be relevant if the affidavit was alleged to have been knowingly or recklessly falsified. *Franks* v. *Delaware* (1978), 438 U.S. 154; *United States* v. *Leon* (1984), 468 U.S. 897. In the present case, the language in the search warrant indicating that "marijuana and any other fruits and instrumentalities of the crime yet to be determined" were to be seized did not render the warrant constitutionally defective. Rather, it validly authorized the seizure of items pertaining to the drug offense of trafficking, which was enumerated on the search warrant. See *Andresen, supra.*

Appellant next contends that the seizure of the weapons pursuant to the plain view doctrine was impermissible and relies on *State* v. *Williams* (1978), 55 Ohio St. 2d 82, 9 O.O. 3d 81, 377 N.E. 2d 1013, paragraph one of the syllabus, for the rule that in order for the plain view doctrine to apply, the intrusion must be lawful, the discovery

of the evidence inadvertent and the incriminating nature of the evidence must be immediately apparent to the seizing police officer. Since we have concluded that the intrusion was lawful and since appellant does not contest the inadvertence of the discovery of the weapons, our attention is focused upon whether the police officer immediately knew of the incriminating nature of the weapons.

Appellant was found guilty of having weapons while under a disability, in violation of R.C. 2923.13(A)(2). That statute reads, in pertinent part, that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [s]uch person * * * has been convicted of any felony of violence * * *[.]" A review of the record discloses that the police officer who discovered the weapons knew, beforehand, only that the appellant had been convicted of a felony. There is nothing in the record to demonstrate that the state met its burden of proof to show that the appellant had previously been convicted of a felony of violence or that the appellant had violated any other part of R.C. 2923.13. Even if the police officer knew that the conviction was for a felony of violence, we find no evidence that the state elicited this information. In short, there is nothing in the record to show that, before the search occurred, any of the police officers who participated in the search knew that the appellant was under a disability; and, therefore, the incriminating nature, for probable cause purposes, of the weapons seized was not demonstrated to have been immediately apparent. Nothing in the record before us manifests that these hunting guns were contraband, and hence subject to seizure without some additional basis. For this reason, appellant's assignment of error is well-taken. Therefore, we conclude there was no demonstra-

tion by the state that these guns, alone, on plain view, coupled with the assertions that one of the officers had knowledge that the appellant had been convicted of a felony, without more information, provided adequate probable cause for their seizure in connection with the crime of having a weapon while under a disability within the meaning of *Williams, supra.*

Lastly, appellant alleges that there was insufficient probable cause to issue the warrant. The state points out that the issuing magistrate need not be convinced beyond a reasonable doubt that the items to be seized are present. He need only be convinced that there is a good chance that the items are present. *Illinois* v. *Gates* (1983), 462 U.S. 213, 236. The informant herein was ostensibly used by the police earlier that day to obtain illegal drugs from appellant's neighbor. Based on information the informant gave the police, the issuing magistrate felt that there was a good chance that illegal drugs would be found at appellant's residence. The fact that the informant, who provided the information which led to the issuance of the search warrant, retracted statements pertaining to the search does not negate the validity of the search warrant.

Nevertheless, the trial court granted appellant's motion for a new trial based on the fact that the informant later stated that much of what he had told the police about the activities at the appellant's residence was fabricated. It is unclear why the trial court granted the motion for a new trial because as long as the affiant-police officer believed the information was true and his belief was reasonable, the warrant's validity was not affected by the fact that the informant may have lied about the information which formed the basis of the search warrant. See *Leon, supra,* at 918-921. Appellant never alleged that the police officer

was reckless or dishonest in preparing the affidavit or that his belief in its veracity was unreasonable. This court believes that the trial court improperly granted the motion for a new trial for the reason stated above. After granting the motion for a new trial, the trial court again denied the motion to suppress the evidence seized, finding, in effect, that the search was legitimate. While they are not dispositive in the present case, we are perplexed by the trial court's rulings. In any event, this court is of the opinion that there existed sufficient probable cause upon which to issue the search warrant.

We do not find dispositive the Eighth District case of *State* v. *Hunt* (1984), 22 Ohio App. 3d 43, 22 OBR 139, 488 N.E. 2d 901, in which alleged falsehoods and misstatements were put into an affidavit by a police officer. The *Hunt* court relied on *Leon, supra,* and *Franks, supra,* for the holding that if false statements are put into an affidavit by the affiant, probable cause must be found to exist without the false statements or misstatements in order for the search warrant to be valid. *Franks, supra,* held that if a defendant shows that an affiant intentionally made false statements in an affidavit, or made statements with reckless disregard for the truth and these statements were necessary for a finding of probable cause, the false material must be set aside. If the remaining statements do not establish probable cause, the search warrant must be voided and all evidence obtained through it suppressed. *Leon, supra,* at 926, held that suppression is appropriate only if the magistrate failed to act in a detached and neutral role or if the police were dishonest or reckless in preparing the affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.

*Franks* and *Leon* are harmonious and were properly relied upon by the court in *Hunt.* However, in the case at bar, there was never any allegation that the *affiant* intentionally made a false statement or made a statement with reckless disregard for the truth. Here, the *informant* may have made false statements which were reasonably relied upon by the affiant. *Franks* and *Leon* are inapplicable here.

Although probable cause did exist to issue the search warrant, since it was not demonstrated that the police immediately knew of the incriminating nature of the weapons when they were inadvertently discovered, the plain view doctrine will not apply, *Williams, supra,* and the evidence of the weapons should have been suppressed.

For the foregoing reasons, the decision of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK and CHRISTLEY, JJ., concur.