OPINION
Defendant-appellant, Louis W. Abraham, Jr., appeals a Carroll County Common Pleas Court decision overruling his motion to suppress evidence.
On February 19, 1998, the Carroll County Sheriff's Department received a report of an assault taking place near the intersection of Alamo and Canyon roads, in Carrollton, Ohio. Deputies responded and located the alleged victim, Carie Cooper, at appellant's home nearby. Cooper, appellant's live-in girlfriend, alleged that appellant had assaulted her. Cooper further indicated that after dropping her off appellant had headed for the common pleas courthouse on an unrelated matter. Cooper then followed deputies to the Sheriff's Department and filed a domestic violence complaint against appellant. Deputies caught up with appellant at the courthouse and arrested him there.
Upon completion of the paperwork related to the domestic violence incident, Cooper allegedly requested that a deputy accompany her to appellant's home so that she could retrieve some of her personal effects. Wirkner assented and assigned Deputy Watson for that purpose.
After arriving at appellant's home, Deputy Watson followed Cooper into the residence. Watson immediately detected an odor of marihuana. A juvenile in the home told Watson that he had just smoked half of a marihuana cigarette and showed it to him. The juvenile also revealed that the marihuana was appellant's and proceeded to produce an entire bag of it.
The juvenile was taken into custody and deputies secured the home. A search warrant was issued for appellant's residence. Execution of the warrant produced marihuana, methamphetimine, and drug paraphernalia.
On May 4, 1998, a Carroll County Grand Jury indicted appellant for one count of aggravated possession of drugs and one count of corrupting another with drugs. Appellant pled not guilty and sought suppression of the evidence by way of a motion filed on July 2, 1998. The court heard the motion on July 20, 1998, and, in a detailed judgment filed on August 12, 1998, overruled the motion.
On September 4, 1998, appellant changed his plea to no contest on count one of the indictment. Plaintiff-appellee, State of Ohio, acting through the Carroll County Prosecutor's Office withdrew count two of the indictment. The court found appellant guilty on count one and sentenced him to five years community control. This appeal followed.
Appellant alleges in his sole assignment of error that:
 "THE TRIAL COURT ERRED BY OVERRULING APPELLANTS [sic] MOTION TO SUPPRESS EVIDENCE AND THEREBY DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION FOURTEEN OF THE OHIO CONSTITUTION."
Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Britz (1997), 120 Ohio App.3d 517,519. At a suppression hearing, evaluation of evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357, 366. We are bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent, credible evidence. See State v. Harris (1994),98 Ohio App.3d 543, 546. Accepting the findings of fact of the trial court as true, an appellate court must then independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court erred in applying the substantive law to the facts of the case. Id.
The search warrant issued for appellant's home was supported by an affidavit supplied by Chief Deputy Wirkner. The affidavit set forth two grounds for probable cause. The first was Deputy Watson's observations concerning the juvenile and his drug abuse. The second was information allegedly provided by Carie Cooper.
The Ohio Supreme Court has adopted a "totality of the circumstances" standard to evaluate whether probable cause is set forth in an affidavit. In State v. George (1989), 45 Ohio St.3d 325, the court stated in paragraphs one and two of the syllabus:
 "1. In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' (Illinois v. Gates
[1983], 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.)
 "2. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates
[1983], 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
followed.)"
In determining whether the affidavit in this case contained a substantial basis upon which to find probable cause, we examine each of the grounds set forth in the affidavit individually. The second ground for probable cause was information provided by Carie Cooper as related to the magistrate by Chief Deputy Wirkner. Appellant argues that any statements made by Wirkner concerning information provided by Cooper were clearly false.
At the suppression hearing Wirkner testified about his discussion with Cooper. Indeed, he acknowledged that Cooper did not provide him with any information connecting appellant to drug activity. Furthermore, Wirkner admitted that, despite his suspicions, after his conversation with Cooper, he did not have enough information to support issuance of a search warrant for appellant's home.
Given Wirkner's admissions, any statements made by him concerning information provided by Cooper were insufficient to establish probable cause. However, our inquiry does not end there. A search warrant is not per se invalid upon proof of a misrepresentation made in the underlying affidavit. State v. Hunt
(1984), 22 Ohio App.3d 43, 44. If after excising any "deliberate falsehoods and/or reckless misstatements" the remaining averments of the affidavit are sufficient to establish probable cause, the warrant remains valid. Id. This turns us to the first ground set forth in the affidavit.
The first ground set forth in the affidavit was the observations made by Deputy Watson while at appellant's home. Appellant argues that Watson's entry into his home was unlawful and that Watson thereafter conducted an unlawful and warrantless search of the home. The propriety of Watson's observations hinges on the resolution of two distinct issues. The first is whether Watson had a right to be where he was when he made the observations. The second is whether Watson's course of conduct amounted to a search and seizure.
The legitimacy of Watson's entry into appellant's home rests on the validity of Cooper's consent. Generally, consent to search a person's residence may be obtained from a third party who possesses common authority over or other sufficient relationship to the premises. U.S. v. Matlock (1974), 415 U.S. 164, 171. Common authority arises from the mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of them might permit the common area to be searched. Id. at fn. 7.
It is important to note, however, that there is a distinction between consent to enter into a residence and consent to a search of the residence. The third party consent standard enunciated inMatlock does not apply with equal force in a case, as we have here, "where the consent of the third party was merely to enter the premises and was not a consent to a search of the premises."Akron v. Harris (1994), 93 Ohio App.3d 378, 382. Furthermore, "where the intent of the officers upon approaching the house was not to conduct a search * * * the consent of a third party to enter the house should not be held to the same standard as the consent of a party to search the house." Id.
In this case, Deputy Watson allegedly entered the house pursuant to Cooper's request. Testimony adduced at the suppression hearing on this issue was in conflict. The trial court resolved the issue adversely to appellant finding that whether Cooper had requested an escort or not, she had impliedly consented to Watson's presence. Since this determination was supported by competent and credible evidence, we will leave it undisturbed.
The second issue is whether Deputy Watson's course of conduct amounted to a search and seizure. The testimony on this issue went uncontradicted. At no time prior to the issuance of the search warrant did Watson engage in any searching activity. Rather, a juvenile at the residence volunteered the marihuana which formed the basis of the probable cause to seek the search warrant. Evidence of criminal activity produced or revealed by a private person does not implicate Fourth Amendment protections. See Coolidge v. New Hampshire (1971), 403 U.S. 443, 487. In light of all the circumstances of the case, it cannot be said that the juvenile acted as an "instrument" or agent of the state when he produced the drugs. See id. Watson testified unequivocally that the juvenile volunteered the drugs. Consequently, Watson's course of conduct never implicated appellant's Fourth Amendment protections.
Based upon the foregoing, we conclude that the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. Accordingly, appellant's sole assignment of error is without merit.
We hereby affirm the judgment of the trial court.
Vukovich, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ Gene Donofrio, Judge