**GAY, d. b. a. JOHNNY'S, Appellants, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6011. Decided July 21, 1959.

Edwin M. Tuttle, Columbus, for appellants.

Mark McElroy, Atty. Genl., John A. Hoskins, Asst. Atty. Genl., Columbus, for appellee.

(FESS, J, of the Sixth District, sitting by designation in the Tenth District.)

## OPINION

By DUFFY, J.

The Department of Liquor .Control gave the appellants a citation for keeping a pinball machine which may or can be used for gaming or wagering in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control, the violation having occurred on or about May 31, 1957.

After a hearing before the Board of Liquor Control, the Board felt that the evidence proved the alleged violation and revoked the permit of the appellants.

An appeal was taken to the Common Pleas Court of Franklin County, which court found that the order of the Board of Liquor Control was supported by reliable, probative, and substantial evidence and was in accordance with law, and affirmed the order of revocation.

Appellants have now appealed to this court, setting out five assignments of error, which are as follows:

"1. There is no reliable or probative evidence of a violation of any Regulations of the Board of Liquor Control, particularly Regulation 53.

"2. Regulation 53 as interpreted by the Board of Liquor Control, is in violation of the Constitution of the United States and the Constitution of Ohio.

"3. Having no evidence of a violation of any Regulation, the charges against the appellants should have been dismissed.

"4. Abuse of discretion by the Board of Liquor Control in the harsh and confiscatory manner of revoking the permit of the appellants.

"5. The charge was that the appellants possessed and allowed to be kept or exhibited a machine which may be kept or used for gaming without any proof that the machine in and of itself possessed the attributes of the charge."

In their brief appellants discussed assignments of error 1, 3, and 5 together. After a review of the record taken before the Board of Liquor Control and the Common Pleas Court, we find it hard to agree with the contentions of the appellants that there was no evidence of a violation of the regulation or that the pinball machine kept or exhibited by them was not such a device as was prohibited by the regulations of the Board.

As to assignment of error No. 2. regarding the constitutionality of Regulation 53 as interpreted by the Board of Liquor Control, the Common Pleas Court judge did not feel compelled to pass upon the question because the constitutionality of the regulation was not raised before the Board of Liquor Control; but the judge did give appellants the benefit of his thinking on the question, and it is apparent that he would have ruled that the regulation was constitutional under both the Ohio and United States Constitutions. See **Grandle v. Rhodes, Auditor, 166 Oh St 108,** wherein the Supreme Court of Ohio says that a constitutional question not raised in the trial court is deemed waived. See also **Grandle v. Rhodes, Auditor, 166 Oh St 197.**

Appellants' main contention seems to be that Regulation 53, which is as follows, is so broad and indefinite as to be meaningless because of the use of the permissive words "may or can be used for gaming or wagering":

"No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder any device, machine, apparatus, book, records, forms, tickets, papers or charts which may or can be used for gaming or wagering or the recording of wagers, pools or chances on the result of any contest, or allow or conduct gaming or wagering on such premises on (of) any game of skill or chance."

Appellants admit the power to make regulations but feel that the power has been abused here because almost any device, machine, apparatus, book, record, form, ticket, paper, or chart on the premises which is necessary in the operation of their business could also be used for gaming or wagering or the recording of the wager. Appellants cite no authority for their contention that such a regulation is in violation of both the Constitution of the United States and the Constitution of Ohio, and it cannot be said that the regulation does not serve as a guide to those persons authorized to sell alcoholic beverages within the state in carrying out the statutes of the state against various types of gaming and wagering.

As to the fourth assignment of error, wherein it was alleged that the Board of Liquor Control abused its discretion in the "harsh and confiscatory manner of revoking the permit of the appellants," appellants admit, in their brief and arguments, knowledge of the holdings of this court that the right to modify the penalty imposed by the Board is not present unless the reviewing court finds that the order of the Board of Liquor Control is not supported by the proper degree of proof. **City Products Corp., d. b. a. Pilsener Brewing Co., v. Board of Liquor Control, 79 Abs 481; Delmonte Cafe, Inc., v. Department of Liquor Control, 74**

148

Abs 459. See also **Andrews v. Board of Liquor Control, 164 Oh St 275** and §119.12 R. C.

Appellants claim an abuse of discretion in this case because never, to their knowledge, had the Board revoked a permit where out and out gambling was not proved beyond a reasonable doubt; and in many cases where such gambling was shown or admitted, a suspension was given instead of a revocation. The gaming device involved in this case was a pinball machine wired to a metering device which was placed behind the bar in the appellants' establishment; and, in addition to testimony concerning the pinball machine and the electrical meter, there was also evidence offered by the investigators of the Department of Liquor Control that they had seen the barmaid pay off a patron who was playing the pinball machine and who was heard to utter to the barmaid, "I got thirty-two of them."

There being evidence of gaming within the permit holders' premises which was not controverted, one could not say that the order of the Board was not supported by any reliable, probative, and substantial evidence and was not in accordance with law.

The judgment of the Common Pleas Court will be affirmed.

BRYANT, PJ, FESS, J, concur.