THE STATE OF OHIO, APPELLEE, *v.*
YOUNG, APPELLANT.

(No. 8080—Decided November 18, 1983.)

*Mr. Paul A. Folfas,* city prosecutor, and *Mr. Vincent P. Popp,* for appellee.
*Mr. Carl A. Cramer,* for appellant.

BROGAN, P.J. This is an appeal from a judgment and fine imposed by the Dayton Municipal Court.

Debra Young, defendant-appellant, was charged by way of criminal complaint with a violation of R.C. 2915.02(A)(2).

The complaint alleged that appellant "did knowingly engage in conduct that facilitates a game of chance, conducted for profit, by controlling a gambling device to-wit: one Black Jack Poker machine."

Appellant was tried on October 28, 1982, without a jury, before the Honorable Bush P. Mitchell.

At the close of the evidence, Judge Mitchell found appellant guilty and imposed a fine of $50 plus court costs.

In this appeal, appellant generally asserts that the judgment was against the manifest weight of the evidence. More specifically, appellant asserts that the elements necessary for conviction under R.C. 2915.02(A)(2) were not proven beyond a reasonable doubt.

In her first assignment of error, appellant states that the trial court's finding

that she knowingly engaged in conduct which violated R.C. 2915.02(A)(2) was without evidentiary support.

In her third assignment of error, appellant states that the trial court's finding that she had engaged in conduct that facilitated a game of chance, conducted for profit, contrary to R.C. 2915.02(A)(2), was without evidentiary support.

In her fourth assignment of error, appellant states that the trial court's finding that the confiscated machine was in fact a game of chance in violation of R.C. 2915.02(A)(2) was without evidentiary support.

On August 25, 1982, Detective Freda Bardun, pursuant to her position with the Organized Crime Unit .of the Dayton Police Department, went to Joey's Bar located at 901 North Main Street. The purpose of this visit was to determine if there was an illegal gambling device in operating condition inside the bar.

Upon discovering an electronic Black Jack game in working order in the video game area of the bar, Detective Bardun confiscated the machine. Appellant was employed at the bar as a barmaid and was the only individual in charge and in control of the bar at this time. She was subsequently arrested and charged under R.C. 2915.02(A)(2).

One of the duties of appellant's job was to dispense quarters to patrons so they could play the video games, including the Black Jack machine, located in the bar. Appellant knew of the presence of the Black Jack machine and knew that it worked only on quarters. Appellant worked at Joey's Bar forty-four hours per week, from nine o'clock in the morning until six o'clock in the evening. The video machines were active during all of this time.

Appellant testified that she had seen the lessors of the various other machines in the bar (cigarette, juke box and Pac Man) come and collect the money from these machines. Appellant further testified that she had never seen any such

lessor collect money from the Black Jack machine.

Generally, a judgment will not be reversed as being against the weight of the evidence if it is supported by some competent, credible evidence which goes to all the essential elements of the case.

This court is of the opinion that the judgment of the trial court was supported by competent, credible evidence. In considering an assignment of error in a criminal case which attacks the sufficiency of the evidence, a certain perspective is required. This court's examination of the record at trial is limited to a determination of whether there was evidence presented, which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340].

We find that the evidence presented by the state was sufficient to establish and prove the elements necessary for conviction under R.C. 2915.02(A)(2) beyond a reasonable doubt. Appellant's four assignments of error are interrelated and will be treated and discussed together.

R.C. 2915.02 reads, in part, as follows:

"(A)  No person shall:

"* * *

"(2)  Establish, promote, or operate, or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit;"

Appellant testified that she knew about the presence of the Black Jack machine. Appellant's attorney, under direct examination, asked her if, during her employment at Joey's Bar, she came to know about a Black Jack machine. She answered "yes." Appellant also testified as to the specific location of the machine within the bar. Appellant further testified that she was employed at Joey's Bar both before and after the Black Jack machine was installed and that she dispensed quarters to patrons for use in all of the machines in the bar, including the Black Jack machine. We find that this evidence is sufficient to prove beyond a reasonable doubt that appellant had knowledge of the Black Jack machine, and that, by dispensing the quarters, she knowingly facilitated the use of that machine.

A crucial element of R.C. 2915.02(A)(2) is that the machine in question is in fact a "gambling device." The leading case in Ohio determining what is a gambling device is *Mills-Jennings of Ohio, Inc.* v. *Dept. of Liquor Control* (1982), 70 Ohio St. 2d 95 [24 O.O.3d 181]. The machine in question in that case was a "Draw Poker" machine. The court in *Mills-Jennings* held that Draw Poker machines were gambling devices *per se*. This determination was based on a finding that the game being played on the machine was poker and that poker was a "game of chance" as defined by R.C. 2915.01, the definitional section. The court then made the conclusion that since the game played on the machine was a game of chance, the machine in question was an "apparatus" designed for use in connection with a game of chance and was therefore a gambling device. In the case at bar, Detective Bardun testified that there is no difference between the game of Black Jack played on the machine in question and that played in a casino such as in Las Vegas. Her testimony, in effect, demonstrates that the object of the game is the same whether played on a machine or on a card table. The only difference being that rather than winning money on the Black Jack machine, a player receives "free games."

R.C. 2915.01(D) reads:

" 'Game of chance' means poker, craps, roulette, a slot machine, a punch board, or other game in which a player gives anything of value in the hope of gain, the outcome of which is determined largely or wholly by chance."

When playing Black Jack, a person is playing a game of chance. A player gives something of value (money) in the hope of gain (money). The outcome is determined largely by chance (random selection of cards).

R.C. 2915.01 reads in part:

"(F) 'Gambling device' means:

"* * *

"(3) A deck of cards, dice, gaming table, roulette wheel, slot machine, punch board, or other apparatus designed for use in connection with a game of chance;"

We are of the opinion that there was sufficient evidence presented for the trial court to find that the game being played on the machine is the game of Black Jack and that Black Jack is a game of chance. Applying this finding to R.C. 2915.01 (F)(3), it was reasonable for the trial court to find that the machine in question is an "apparatus designed for use in connection with a game of chance" and, therefore, is a "gambling device" as set forth in R.C. 2915.01(F).

A final element necessary for conviction under R.C. 2915.02(A)(2) is that the game of chance be conducted for profit. We find that it was reasonable for the trial court to infer from the testimony of both Detective Bardun and appellant that Joey's Bar did profit from the Black Jack machine. Detective Bardun testified that upon confiscating the machine, she could hear the sound of the coins inside the machine. She further testified that the machine was labeled "For quarters only." Appellant testified that although the lessors of the other machines in the bar came to collect money out of them, she never saw any such lessor come to collect from the Black Jack machine.

The term "inference" has been defined as a conclusion which, by means of data founded upon common experience, natural reason draws from facts which are proven. *Ensel* v. *Lumber Ins. Co. of New York* (1913), 88 Ohio St. 269. It is a reasonable conclusion, based upon the testimony presented, that if the machine operates only on quarters, and if no "outside" person is collecting the money out of the machine, Joey's Bar is profiting from the Black Jack machine.

The findings made by the trial court, with respect to the essential elements of this case, are supported by competent, credible evidence. The assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WEBER and McBRIDE, JJ., concur.

McBRIDE, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.