THE STATE OF OHIO, APPELLANT, *v.* THORNTON, APPELLEE.

(No. 56912—Decided
July 3, 1989.)

*John T. Corrigan,* prosecuting attorney, and *Matthew Brady,* for appellant.

*Kenneth Bossin,* for appellee.

*Per Curiam.* This is an accelerated appeal brought pursuant to App. R. 11.1 and Loc. R. 25 of the Court of Appeals for Cuyahoga County. Plaintiff-appellant, the state of Ohio, appeals from the grant of defendant-appellee Kimberly Thornton's motion to suppress evidence.

The appellant's sole assignment of error is that:

"The court erred in suppressing evidence seized in plain view in a public area by a law enforcement officer."

This assignment of error is not well-taken.

On April 11, 1988, at approximately 1:00 a.m., two police officers of the Cleveland Police Department were engaged in patrolling the area of East 59 Street and Euclid Avenue. Upon turning onto East 59 Street from Euclid Avenue, the officers immediately observed a parked automobile which contained a male and a female. The police officers allegedly became concerned about the welfare of the female in light of the time of night and the high incidence of crime within the neighborhood.

Upon approaching the automobile, Officer Taylor observed that: (1) the area in which the automobile was parked was partially illuminated; (2) the female was observed seated with a purse on the floor between her feet; (3) a glass stem was observed protruding from the purse; and (4) the female was asked whether the purse was hers, whereupon the female responded, "that is not my pipe." Thereafter, the police officers removed the purse from the automobile and discovered a cocaine pipe, copper wool, a syringe and several packets of cocaine.

As a result of the discovery of the contraband, appellee was arrested and indicted for one count of drug abuse as proscribed by R.C. 2925.11 and one count of possessing criminal tools as proscribed by R.C. 2923.24.

On December 7, 1988, the trial court conducted an oral hearing with regard to the appellee's motion to suppress, at which time the motion to suppress was granted. Upon review of the record, we find that the trial court properly granted the motion to suppress.

A police officer may, under certain circumstances, seize items in plain view, such as contraband and/or stolen property, discovered and recognized during the course of a lawful activity (the "plain view" doctrine). *Texas* v. *Brown* (1983), 460 U.S. 730; *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443.

The Supreme Court of Ohio, in *State* v. *Williams* (1978), 55 Ohio St. 2d 82, 85, 9 O.O. 3d 81, 83, 377 N.E. 2d 1013, 1016, and at paragraph one of the syllabus, embraced the plain view doctrine and held that:

"Hence, in order to qualify under the plain view exception, it must be shown that (1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent."

In the case *sub judice,* we find that the discovery of the cocaine pipe did not fall within the three-prong test established in *State* v. *Williams, supra.*

Although the police officers were lawfully engaged in a patrol of the neighborhood and may have been concerned over the welfare of the female, the resulting discovery of the cocaine pipe was not inadvertent nor was the incriminating nature of the cocaine pipe immediately apparent to the observing police officer. Clearly, the cocaine pipe was not in plain view and the police officers were not entitled to seize the cocaine pipe and the remaining contraband.

Therefore, we find that the trial court did not err in granting the appellee's motion to suppress and the judgment of the trial court is affirmed. The matter is remanded for further proceedings consistent with this opinion.

*Judgment affirmed.*

MATIA, P.J., NAHRA and SWEENEY, JJ., concur.