**BPOE LODGE 0170 GALLIPOLIS, Appellant,**

**v.**

**LIQUOR CONTROL COMMISSION, Appellee.**

[Cite as *BPOE Lodge 0170 Gallipolis v. Ohio Liquor Control Comm.* (1991), 72 Ohio App.3d 811.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–765.

Decided March 12, 1991.

John A. Connor II Co., L.P.A., and John A. Connor II, for appellant.

Lee I. Fisher, Attorney General, Chester T. Lyman, Jr., and Kurt O. Gearhiser, for appellee.

MARTIN, Judge.

Appellant, BPOE Lodge 0170 Gallipolis, timely appeals from the judgment of the Franklin County Common Pleas Court entered on June 1, 1990, which affirmed, upon R.C. 119.12 appeal, the appellee Liquor Control Commission's administrative finding of June 14, 1989 that appellant had violated Ohio Adm.Code 4301:1–1–53.

Appellant raises two assignments of error:

"I. The court of common pleas erred in holding that all the elements of R.C. § 2915.02 need not be proved in order to find a violation of Reg. 4301:1–1–53, a regulation of the Ohio Liquor Control Commission.

"II. Agents of the department of liquor control must have a search warrant prior to conducting an investigative search of appellant's premises."

Appellant holds a Class D–4 liquor permit. On January 5, 1989, agents of the Ohio Department of Liquor Control cited the appellant with a violation of Ohio Adm.Code 4301:1–1–53. A hearing on same was convened by appellee on April 11, 1989. Appellant entered a "denial" to the violation, but stipulated into the record as evidence the agents' investigation report as to the facts. On June 14, 1989, the appellee found a violation of Ohio Adm.Code 4301:1–1–53, and it imposed upon appellant a seven-day permit suspension or a $700 forfeiture.

On or about June 20, 1989, appellant filed an R.C. 119.12 appeal to the trial court. That court rendered a decision on April 24, 1990, in which it found, *inter alia*, that the appellee's decision was supported by reliable, probative, and substantial evidence and in accord with law. The trial court affirmed appellee's order by a judgment entry entered on June 1, 1990. An appeal to this court followed on June 27, 1990.

This action pertains to the single violation of Ohio Adm.Code 4301:1–1–53 on January 5, 1989. The violation notice alleged that appellant had permitted and/or allowed gambling on the permit premises by virtue of its possession of two electronic video gambling devices, to wit: "Jackpot Bonus" and "Riverboat Poker."

The underlying facts, by virtue of appellant's stipulation to same in the administrative hearing, are not in genuine dispute. In conformity with, and while executing, an unrelated order of the appellee, two liquor control agents went to the permit premises in Gallipolis, Ohio, on January 5, 1989, for the purpose of returning to the appellant certain physical evidence (two other video machines) confiscated earlier. Agent Nichols, after identifying himself, was voluntarily admitted into appellant's premises through the front entrance. He reidentified himself to the barmaid, Peggy L. Montgomery, after entering

and advised her of his reason for being there. As Nichols proceeded through the premises to the rear door to admit Agent Ratcliffe and unload the evidence, he observed the two electronic video machines in dispute. These machines were plugged in and lighted up. *They were in the same location as the machines previously seized which were being returned. Agent Nichols then placed two quarters in each machine and obtained "credits" on each which were then played off the machines. The earlier confiscated machines were unloaded and returned to the appellant, and the two at issue were seized by the agents who then issued the violation to Montgomery. At the April 11, 1989 administrative hearing, appellant admitted that the two video machines in question were in plain view.

■ We shall initially address appellant's second assignment of error. Therein, it essentially contends that the warrantless search and seizure on January 5, 1989 by the liquor control agents was unlawful, citing *State v. VFW Post 3562* (1988), 37 Ohio St.3d 310, 525 N.E.2d 773. It argues that such agents must have a search warrant prior to conducting an administrative search of its permit premises.

First, a legitimate question arises as to whether this issue is properly before us upon review of R.C. 119.12 proceedings. Liquor Control Commission hearings and orders are administrative in nature and civil in form, not criminal. The only issue raised in the trial court and, therefore, before this court for review, is the propriety of the commission's June 14, 1989 "order." Since the "search and seizure" issue was not raised in, or addressed by, the trial court on the R.C. 119.12 administrative appeal, the issue arguably is not currently before this court.

However, assuming *arguendo* we need to pass on this question at all, we find the second assignment of error to lack merit given the underlying facts of this particular case. R.C. 4301.10(A)(7) conveys certain investigatory and police powers upon agents of the Department of Liquor Control such that their conduct, at least in part, is governed by the Fourth Amendment.

■ A recognized exception to the search warrant requirement is the so-called "plain view doctrine" where, under certain circumstances, investigating authorities may seize items in plain view, *i.e.*, contraband or stolen property, discovered and recognized during the course of a lawful activity. *Harris v. United States* (1968), 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, 1069–1070; *Texas v. Brown* (1983), 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502.

In conformity with *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, Ohio courts have adhered to the following

requirements for the plain view exception to apply: (a) the initial intrusion which afforded the authorities the plain view was lawful; (b) the discovery of the evidence was inadvertent; and (c) the incriminating nature of the evidence was immediately apparent to the seizing authorities. *State v. Wilmoth* (1982), 1 Ohio St.3d 118, 1 OBR 157, 438 N.E.2d 105; *State v. Williams* (1978), 55 Ohio St.2d 82, 9 O.O.3d 81, 377 N.E.2d 1013; *State v. Benner* (1988), 40 Ohio St.3d 301, 307, 533 N.E.2d 701, 708–709; *State v. Stebner* (1988), 46 Ohio App.3d 145, 546 N.E.2d 428; *State v. Thornton* (1989), 51 Ohio App.3d 97, 554 N.E.2d 955.

█ The inadvertence requirement has since been essentially eliminated [*Horton v. California* (1990), 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112], and the current test requires: the item seized must be in plain view of authorities lawfully on the premises; the item's criminal nature must be readily apparent; and the item must not only be visible but also located in a place to which the authorities lawfully have access. *State v. Ragan* (Aug. 1, 1990), Hamilton App. No. C–890137, unreported, 1990 WL 107455.

Applying these principles to the undisputed facts of this case, we observe that the liquor agents were lawfully on the appellant's premises. Acting within the scope of their duties and pursuant to a commission order, they were present to unload and deliver certain machines previously confiscated from appellant. The agents were not there initially for any specific investigatory purpose.

The agents were voluntarily admitted into the permit premises after identifying themselves. No trickery, deceit, or misrepresentation was employed to gain access. They reasonably arrived during the early afternoon of apparently a regular business day. The agents were in a place where they lawfully had access.

The two video machines in question were located in a public, or common, area of the premises situated on the floor clearly in plain eyesight, plugged in, and lighted. Upon examination as to operability, the machines were then identified by the agents as contraband gambling devices unlawfully possessed in violation of Ohio Adm.Code 4301:1-1-53. The agents could have hardly ignored them, and the devices were subsequently confiscated.

All of the *Horton* factors are demonstrated by the evidence, and the plain view warrant exception is applicable. Even under the former *Coolidge* tests, the agents' discovery was certainly inadvertent.

Therefore, appellant's second assignment of error is overruled.

Turning to the first assignment of error, appellant advances the proposition that, in order for the trial court to affirm the commission's administrative

decision on the Ohio Adm.Code 4301:1–1–53 violation, it first had to find that all of the elements of R.C. 2915.02 had to be proven. For the following reasons, we reject that argument.

 We are reminded that this is an R.C. 119.12 administrative appeal review and, as such, this court has only a limited function. Our only determination is to whether the trial court's decision is supported by reliable, probative and substantial evidence and is in accord with law. *Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate* (1990), 48 Ohio St.3d 74, 77, 549 N.E.2d 509; *Ohio State Bd. of Pharmacy v. Poppe* (1988), 48 Ohio App.3d 222, 549 N.E.2d 541; *Hale v. Ohio State Veterinary Medical Bd.* (1988), 47 Ohio App.3d 167, 548 N.E.2d 247. The existence of *some* reliable, probative and substantial evidence in support of an administrative agency's finding, even if on disputed evidence, is sufficient to support an affirmance of same. *T. Marzetti Co. v. Doyle* (1987), 37 Ohio App.3d 25, 523 N.E.2d 347; *Haley v. Ohio State Dental Bd.* (1982), 7 Ohio App.3d 1, 7 OBR 1, 453 N.E.2d 1262.

 Under the statutory authorization to promulgate rules, standards, and/or orders providing for the conduct of permit premises, the Ohio Liquor Control Commission has adopted regulations prohibiting gambling and the possession of gambling devices on liquor permit premises. A person or entity authorized to sell alcoholic beverages shall not have, harbor, keep, exhibit, possess or allow to be kept, etc., in, upon, or about said premises any device, machine, or apparatus which may be used for gaming or wagering on any game of skill or chance. These regulations constitute a reasonable exercise of the commission's authority. *Kroger Co. v. Cook* (1970), 24 Ohio St.2d 170, 53 O.O.2d 382, 265 N.E.2d 780. One such regulation is Ohio Adm.Code 4301:1–1–53 ("Reg. 53").

At the time of the January 5, 1989 violation in question, Reg. 53 provided in relevant part:

"(B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 * * * *which is or has been used* for gambling offenses as defined in division (G) of section 2915.01 of the Revised Code." (Effective May 16, 1988; emphasis added.)

This language is in contrast to former versions of Reg. 53 which prohibited the possession on permit premises of any gambling device " * * * *which may or can be used* for gambling offenses * * *." (Emphasis added.) Presumably the change was affected to eliminate the arguably permissive nature of

the words "may or can." See *Gay v. Bd. of Liquor Control* (1959), 111 Ohio App. 337, 14 O.O.2d 297, 170 N.E.2d 258.

It is without argument that the two electronic video machines in question, "Jackpot Bonus" and "Riverboat Poker," qualify as gambling devices. *Mills–Jennings, Inc. v. Dept. of Liquor Control* (1982), 70 Ohio St.2d 95, 24 O.O.3d 181, 435 N.E.2d 407; *Garono v. State* (1988), 37 Ohio St.3d 171, 524 N.E.2d 496; *State v. Young* (1983), 13 Ohio App.3d 91, 13 OBR 107, 468 N.E.2d 131; *Massa v. Liquor Control Comm.* (Mar. 21, 1985), Franklin App. No. 84AP–634, unreported, 1985 WL 9908. They were fully functional and operable. Contemporaneously with their discovery, the machines were actually played by the agents with money which in turn generated certain "credits." This is certainly evidence of gambling activity prohibited under R.C. Chapter 2915. The "is or has been used" element of Reg. 53 is satisfied, which in part distinguishes this case from *Garono, supra.*

Administrative violations of Reg. 53 are distinguishable from criminal prosecutions under R.C. Chapter 2915. The elements are different, and the showing of profit, while necessary in a criminal gambling prosecution, is not needed to find a Reg. 53 violation. A Reg. 53 violation may exist when a liquor permit holder possesses a gambling device on the permit premises. As we observed in *Mills–Jennings of Ohio, Inc. v. Liquor Control Comm.* (1984), 16 Ohio App.3d 290, 293, 16 OBR 321, 323–324, 475 N.E.2d 1321, 1324:

" * * * Under Ohio Adm.Code 4301:1–1–53(B), it is the place of the possession of the devices, that is, *on permit premises,* that causes the possession to be unlawful. Whereas, in order to amount to a criminal violation of R.C. 2915.02(A)(5) the possession must be with purpose to violate other provisions of the gambling laws. * * * "

Whereas mere possession of a gambling device, without more, may be insufficient to sustain a criminal conviction in an R.C. Chapter 2915 prosecution, under facts similar to those *sub judice,* mere possession of same on permit premises would support a Reg. 53 administrative violation. Even if "intent" was required, the facts contained in the investigation report, and reasonable inferences drawn therefrom, adequately establish that element. *Young, supra; Am. Legion Post 0014 Giffin v. Liquor Control Comm.* (July 25, 1989), Ross App. No. 1482, unreported, 1989 WL 86278. The trial court's conclusion *sub judice* that " * * * Regulation 53 is violated by having on the premises a functional electronic gambling machine * * * " is supported by some reliable, probative and substantial evidence and is in accord with law.

The first assignment of error is also overruled.

Both assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.