LOYAL ORDER OF MOOSE LODGE NO. 1473,
CELINA, d.b.a. Loom Lodge, Appellant,

v.

LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *Loyal Order of Moose Lodge No. 1473 v. Ohio
Liquor Control Comm.* (1994), 95 Ohio App.3d 109.]

Court of Appeals of Ohio,
Mercer County.

No. 10–94–7.

Decided May 25, 1994.

*Fawley & Associates* and *Darrell E. Fawley, Jr.,* for appellant.

*Lee Fisher,* Attorney General, and *David A. Raber,* Assistant Attorney General, for appellee.

EVANS, Judge.

This is an appeal by the Loyal Order of Moose Lodge No. 1473, Celina, d.b.a. Loom Lodge, from a decision of the Court of Common Pleas of Mercer County affirming an order of the Ohio Liquor Control Commission suspending Loom Lodge's liquor license for a violation of Ohio Adm.Code 4301:1–1–53, which prohibits gambling devices upon premises where liquor is sold.

On Thursday, December 5, 1991, two investigators from the Ohio Department of Liquor Control were investigating a complaint of gambling on the premises of Loom Lodge No. 1473 ("appellant"), a private club holding a D–4 permit which authorizes sales of liquor to members only. Investigators Rodriguez and Chambers entered the premises by exhibiting Moose Lodge identification. Once inside they observed fish bowls containing tip tickets on the bar. Investigator Chambers purchased two tip tickets from the bartender for $2. The investigators also observed several patrons playing tip tickets. Investigator Chambers then contacted local police for assistance. Thereafter, the investigators identified themselves as liquor control agents and informed the bartender of the violations. They then confiscated the tip tickets along the bar as evidence and asked to inspect the premises, but were denied permission. After obtaining a warrant,

they searched the premises and found additional evidence of administrative violations. No criminal charges were filed.

On December 3, 1992, the case was heard before the Ohio Liquor Control Commission. No testimony was adduced at this hearing. Instead, the investigators' report stating the pertinent facts was entered by mutual consent of the parties as the only evidence in the case. On March 8, 1993, the commission entered its order finding appellant in violation and imposing a twenty-day suspension of appellant's license. No factual findings were made by the commission.

An appeal was taken to the Mercer County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court affirmed the order, finding it supported by reliable, probative and substantial evidence. From that judgment appellant appeals, asserting two assignments of error, the first of which reads:

"The Mercer County Common Pleas Court erred in finding that the Department of Liquor Control agents had the right to conduct a warrantless administrative search of appellant's private D–4 permit premises."

■ An appeal from a decision of an administrative agency is governed by R.C. 119.12, which sets forth the procedure to be followed and specifically provides that, upon the common pleas court's consideration of the entire record and any additional evidence admitted by the court, the court may affirm the order if it finds reliable, probative and substantial evidence to support the commission's finding. *Kennedy v. Marion Corr. Inst.* (1994), 69 Ohio St.3d 20, 21, 630 N.E.2d 324, 326. See, also, *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 589 N.E.2d 1303; *Quaranta v. Ohio Liquor Control Comm.* (1983), 17 Ohio App.3d 156, 17 OBR 287, 478 N.E.2d 825. The court of appeals' review, then, is limited to a determination of whether the decision of the common pleas court was the product of an abuse of discretion by that court. *Hawkins v. Marion Corr. Inst.* (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724, citing *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

■ In its first assignment of error appellant challenges the validity of the search by contending that the liquor control agents posed as club members to surreptitiously enter the premises without consent. We disagree with appellant's allegation that the agents entered the permit premises through some type of ruse. The affidavit of Investigator Rodriguez submitted in support of his request for a search warrant stated: "Investigators Raymond Rodziguez [sic] and Todd Chambers arrived and entered the aforementioned premises at approximatley [sic] 10:15 P.M. and exhibited Moose Lodge identification." We note that appellant chose not to present any testimony at the hearing before the commis-

sion which would support its claim of subterfuge. Thus, the only evidence in the record relative to consent was Investigator Rodriguez's statement indicating that he and Investigator Chambers were members entitled to enter the premises. Uncontroverted, this evidence was sufficient for the common pleas court to find the liquor control agents were lawfully on the premises and the search was constitutionally permissible under the plain view doctrine.

Because the agents were lawfully on the premises, their initial search falls under the judicially recognized exception of a search pursuant to implied consent. See *State v. Posey* (1988), 40 Ohio St.3d 420, 534 N.E.2d 61. In *Posey* a police detective accompanied by an informant went to the Fraternal Order of Eagles post to investigate a complaint of gambling. The informant presented her membership credentials to the doorkeeper and the two were admitted. Once inside, the detective observed the use of gambling devices. The Supreme Court of Ohio found the detective's entry was lawful despite his failure to identify himself as a law enforcement officer investigating criminal activity. The court held at paragraph three of the syllabus:

"When an individual gives consent to another to enter a private area wherein illegal activities are being conducted, the consent does not lose its status of being freely and voluntarily given merely because it would not have been given but for the fact that the other person failed to identify himself as a police officer or agent."

Based on the facts of this case, the decision in *Posey* is directly applicable. The liquor control agents entered appellant's premises by showing membership identification. There is nothing in the record indicating their entry was by fraudulent means. Hence, contrary to appellant's contention, the fact that the agents did not identify or announce themselves before entering the bar does not change an otherwise consensual entry into an unconsensual one. The facts of this case show that the liquor control agents walked into the bar, as would any member of the lodge, for the purpose of engaging in all activities available to lodge members. Then, in plain view, they observed the illegal gaming devices. See *Dunn's Lane, Inc. v. Ohio Liquor Control Comm.* (Oct. 11, 1990), Franklin App. No. 89AP–1431, unreported, 1990 WL 152949.

Appellant relies on *State v. Pi Kappa Alpha Fraternity* (1986), 23 Ohio St.3d 141, 23 OBR 295, 491 N.E.2d 1129, where liquor control agents deceptively gained entry into a fraternity house where they observed liquor violations. Appellant's reliance is misplaced, however, because there is no evidence in the instant case of a deceptive entry by the agents. See *Posey, supra,* 40 Ohio St.3d at 428, 534 N.E.2d at 67; *Columbus v. I.O.R.M., Sioux Tribe–Redman Club* (1993), 88 Ohio App.3d 215, 623 N.E.2d 679.

Appellant's first assignment of error is overruled.

Appellant's second assignment of error claims:

"The Mercer County Common Pleas Court erred in finding that the 'for profit' element of gambling in R.C. 2915.02 is not an element needed to find a violation of Liquor Control Commission Regulation 4301:1–1–53 even though there was no evidence that appellant had committed a criminal violation of gambling."

In this assignment of error appellant contends the commission could not properly find a violation of Ohio Adm.Code 4301:1–1–53 because the elements of R.C. 2915.02 [1] were not proved. Specifically appellant contends gambling devices must be on the permit premises for the purpose of making a profit. We disagree.

Ohio Adm.Code 4301:1–1–53 reads in pertinent part:

"(A) Conviction in any court of competent jurisdiction of any holder of any permit, or of his agent or employee, or of any person, for keeping, exhibiting for gain, operating gambling devices, or conducting or permitting on such premises any games of chance, shall be grounds for suspension or revocation of such permit or permits.

"(B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of [*sic*] any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01 of the Revised Code."

Section (A) of this regulation requires a criminal conviction and thus a showing that gambling devices be used for profit. In contrast, section (B) prohibits liquor permit holders from using, exhibiting or possessing any gambling device on the permit premises. This general prohibition against gambling devices on permit premises prevents mischief which arises when alcohol and gambling are mixed at the local tavern. The later part of section (B) is an attempt to narrow the scope of the regulation by elaborating on the definition of what constitutes a gambling device. Any item listed in R.C. 2915.01(F) which is commonly associated with the commission of gambling offenses is prohibited from being used, exhibited or possessed on the premises where alcoholic beverages are sold. We specifically

---

1. R.C. 2915.02 reads in relevant part:
    "(A) No persons shall do any of the following:
    " * * *
    "(2) Establish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit;
    " * * *
    "(5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, possess, control, or operate any gambling device."

reject appellant's argument that the last part of this regulation imposes an additional requirement that the state prove the gambling devices in question were used by the permit holder in the commission of gambling offenses.

Unlike R.C. 2915.02(A)(2), the administrative regulation has no requirement that the device be used for making a profit. See *BPOE Lodge 0170 Gallipolis v. Ohio Liquor Control Comm.* (1991), 72 Ohio App.3d 811, 817, 596 N.E.2d 529, 533. Under the administrative regulation it is the place where the gambling devices are possessed, that is, on liquor permit premises, that causes the possession to be illegal. *Mills–Jennings of Ohio, Inc. v. Ohio Liquor Control Comm.* (1984), 16 Ohio App.3d 290, 293, 16 OBR 321, 323, 475 N.E.2d 1321, 1324; *Berdine v. Ohio Liquor Control Comm.* (Sept. 18, 1991), Columbiana App. No. 90–C–34, unreported, 1991 WL 184803.

The instant action pertains to an administrative violation. No criminal charges are involved. Therefore, contrary to appellant's assertion, a showing of profit is not necessary in order to find a violation of Ohio Adm.Code 4301:1–1–53. It is sufficient that gambling devices be found on the permit premises.

Appellant cites a variety of cases it claims support its contention that the gambling devices must be used for profit. These cases are distinguishable, however, because they involve criminal prosecutions for gambling offenses.

Appellant's second assignment of error is overruled.

■ In addition to the reasons cited above, we also hold that appellant has waived its claims of error by not presenting them at the evidentiary hearing before the commission. It is axiomatic in Ohio law that a reviewing court need not consider any claim of error committed by a lower court that was not preserved by objection, ruling or otherwise in that court. See 4 Ohio Jurisprudence 3d (1978) 298, Appellate Review, Section 137. The doctrine of waiver has been equally applied in appeals from administrative agencies to a court of common pleas. See *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629; *Morgan v. Girard City School Dist. Bd. of Edn.* (1993), 90 Ohio App.3d 627, 630 N.E.2d 71; *Hawkins v. Marion Corr. Inst.* (Dec. 18, 1987), Marion App. No. 9–85–33, unreported, 1987 WL 32148.

■ While the burden falls on the state to show that a warrantless search comes within a judicially recognized exception to the Fourth Amendment prohibition against unreasonable searches, *State v. Akron Airport Post No. 8975* (1985), 19 Ohio St.3d 49, 51, 19 OBR 42, 43, 482 N.E.2d 606, 608, the party challenging a warrantless search must demonstrate the lack of a warrant and raise the grounds upon which the validity of the search is challenged in such a manner as to give the state notice of the basis for the challenge. See *Xenia v. Wallace* (1988), 37

Ohio St.3d 216, 524 N.E.2d 889. The burden then falls on the state to show that the warrantless search comes within a judicially recognized exception. *Id.*

This challenge must be made at a time in the proceedings when the state can produce evidence to support the validity of the search. In the instant case appellant first challenged the search during the appeal to the common pleas court when the court was bound by the record created at the administrative hearing. R.C. 119.12. This statute affords no mechanism for either party to present additional evidence, which was not newly discovered, to the common pleas court. The state was thus precluded from responding to appellant's challenge by presenting evidence to establish the validity of the search. Therefore, appellant waived this claim of error.

Next, appellant's failure to present its challenge to the applicability of Ohio Adm.Code 4301:1–1–53 precluded the commission from interpreting the rule it promulgated. (What better body to interpret an administrative regulation than the commission that crafted the regulation in the first place?) Appellant, however, did not present such an opportunity to the commission. Therefore, appellant also waived this claim of error.

The facts in the record were sufficient for the common pleas court to find the order of the commission supported by reliable, probative and substantial evidence. Investigator Rodriguez stated he observed, purchased and played tip tickets in appellant's premises. Nowhere in the record does appellant deny possessing gambling devices on the permit premises in violation of the administrative regulation. The evidence was sufficient for a finding of an administrative violation. We find no abuse of discretion in the common pleas court's affirming the commission's order.

For the reasons stated, we find no error prejudicial to the appellant herein, in any of the particulars assigned and argued. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and HADLEY, J., concur.