Appellant Harbi Abuzahrieh Co., Inc., d.b.a. L H Superette appeals from an order of the Common Pleas Court affirming the decision of the appellee, the Ohio Liquor Control Commission, declining to renew appellant's license to sell alcoholic beverages at his convenience store in Cleveland. Appellant contends that certain statutory prerequisites to the hearing were not met; that he was denied due process and equal protection of the law; that the outcome was improperly influenced by ex parte communications; and that the decision was not supported by reliable, substantial and probative evidence. We find no merit to these arguments and affirm.
This matter came on for hearing before the Liquor Control Commission on December 4, 1996 to review an order of the Director of the Department of Liquor Control denying the renewal of appellant's liquor permit at 1112-1118 Ansel Road for interfering with the peace, sobriety and good order of the neighborhood. The relevant facts appear from the evidence before the Commission.
The appellant possessed a D-2 and D-3 liquor permit at his convenience store which allowed for the purchase of beer and wine for off-premises consumption. He obtained his original permit in
April 1994. The Director of the Department of Liquor Control refused to renew the liquor permit based on objections from Cleveland City Council pursuant to R.C. 4303.217(2). The City's objections were based on the fact that the operation of the permit on the premises interfered with the peace, sobriety and good order of that neighborhood since the store environs were a gathering place for illicit drug activity.
At the Commission hearing, Staff Attorney Larry Johnson, who presided over the Department of Liquor Control hearing, testified that at the Department hearing appellant raised an objection to the propriety of the notice sent to appellant as to the resolution of the City opposing renewal. Johnson testified that both the original notice and a subsequent notice of a continued hearing indicated that a copy of the City resolution was attached. These had been sent to the renewal applicant/appellant at his place of business. He pointed out that the cover letter itself indicated a copy of the resolution was enclosed. He stated that without any evidence to the contrary, he found that a copy of the resolution had indeed accompanied both letters to the applicant. Based on this testimony, the Commission overruled appellant's objection to jurisdiction based on notice of the resolution.
Several Cleveland police officers testified regarding criminal activity that occurred in the immediate area of the permit premises. The police department's records custodian, Sgt. Dunlay, searched police records for police reports in the vicinity of 1112 to 1118 Ansel Road. He pulled all the police reports for narcotics arrests at that location. In 1994, there were six incidents with four narcotics arrests; in 1995, there were 42 incidents with 31 narcotics arrests; in 1996, there were 76 incidents with 74 narcotics arrests.
Officer Ronald Timm of the Cleveland Strike Force Unit testified to his familiarity with the premises in question. He indicated the area is known for its high drug activity with numerous arrests for crack cocaine and marijuana. He testified that he made a drug arrest in front of 1112 Ansel Road the night before his testimony. He stated that the drug dealers frequent the store to purchase alcohol and that he believed allowing the store to continue to have a liquor permit would interfere with the peace and good order of the neighborhood.
Cleveland Det. Rodney McClendon of the Sixth District Vice Unit testified that he goes to Ansel Road every day that he's on duty responding to complaints of drug activity. He stated that drug dealers are found in this area and drug dealers and crack heads frequent the appellant's store. In the past he and other officers used the store to operate a reverse sting operation to arrest dealers.
Cleveland Det. Gerald Crayton of the Sixth District Vice Unit also testified to his knowledge of the store and its vicinity. He indicated that there are usually a few males standing outside and that people have blocked the street with their cars. He has made drug arrests in the area. When he arrives on the scene, the drug dealers standing outside will retreat into the store where they throw their drugs down. Det. Crayton has also used the store for reverse stings where he pretends to be a drug dealer and in a two-hour period will usually be solicited for drugs by about twenty people. He believes the drug sales would be reduced if the store did not have a liquor permit. He knows that appellant is aware of the drug activity in front of the store.
Resident Angela Smith, who also works at the permit premises, indicated that the area has numerous drug addicts. Other residents who live in the area of the store also testified that while drug dealing occurs outside the store, that the store is an asset to the neighborhood as it sells groceries and offers delivery service to the elderly.
The appellant testified in his own behalf. He stated that the previous year there was an objection to the renewal of his license, but that the Department decided to renew it anyway. He also said that he did not think the store could continue to operate without the income from his liquor business. The evidence also showed that appellant had one episode in 1994 where he was convicted for sale of alcohol to an underage person.
The Commission issued its order denying renewal on July 18, 1997. A notice of appeal was filed with the Cuyahoga County Common Pleas Court on July 30, 1997 and with the Liquor Control Commission on August 11, 1997.
On April 24, 1998, the Cuyahoga County Court of Common Pleas affirmed the decision of the Liquor Control Commission from which this timely appeal is taken.
We will address appellant's assignments of error in the order presented.
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN AFFIRMING A DECISION OF THE OHIO LIQUOR CONTROL COMMISSION WHICH WAS NOT IN ACCORDANCE WITH LAW DUE TO THE COMMISSION'S FAILURE TO COMPLY WITH THE TERMS OF ITS ENABLING STATUTE.
The standard of review which governs the trial court's review of administrative appeals under R.C. 119.12 is whether the Commission's order denying renewal is supported by reliable, probative and substantial evidence and is in accordance with law.Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571; Insight Enterprises, Inc. v. Ohio Liquor ControlComm. (1993), 87 Ohio App.3d 692. 696. The Supreme Court has further defined the quality of the required evidence as follows:
 The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, supra, at 571.
An appellate court, in reviewing a judgment of the trial court which determined such an administrative appeal, is limited to a determination of whether the trial court abused its discretion.Leo G. Keffalas, Inc. v. Ohio Liquor Control Comm. (1991),74 Ohio App.3d 650, 652; Loyal Order of Moose Lodge No 1473 v.Liquor Control Comm. (1994), 95 Ohio App.3d 109.
A person acquiring a liquor permit under the Ohio Liquor Control Act (R.C. Chap. 4303) does not retain the permit indefinitely, but must seek renewal annually. R.C. 4303.27. The Act further provides:
 [T]he holder of a permit * * * who files an application for renewal of the same class of permit for the same premises shall be entitled to the renewal of the permit. The department of liquor control shall renew the permit unless the department rejects for good cause any renewal application * * *.
R.C. 4303.271.
The appellant claims that the Department of Liquor Control failed to provide a copy of the City of Cleveland's resolution with the Notice of Hearing in violation of the procedural prerequisites. R.C. 4303.271(B) states that:
 * * * the division shall set a time for the hearing and send by certified mail to the permit holder, at the permit holder's usual place of business, a copy of the resolution and notice of the hearing. The division shall then hold a hearing * * *
The Commission contends proper procedure has been followed. The evidence in the record indicates that the Department of Liquor Control held a hearing in Cleveland on December 19, 1995, and that appellant and his counsel were present. Staff Attorney Johnson, who presided over the Department hearing, testified at the Commission hearing that appellant was sent a notice of the hearing along with a copy of the City's resolution at applicant's place of business on Ansel Road. He stated that the transmittal letter indicated a copy of the resolution was enclosed. Based on this testimony, the Liquor Control Commission found that Section4303.271(B) had been followed and overruled the appellant's objection to jurisdiction. Therefore, the Commission's finding on this issue was supported by reliable, substantial and probative testimony and documentary evidence and the trial court did not abuse its discretion in so finding.
Appellant further argues that Section 4303.271(B) has not been followed because the resolution was accompanied by a statement from an assistant director of law rather than the chief legal officer of the political subdivision. An assistant director of law acts on behalf of the law director. This Court has recognized that a statement from the chief assistant law director complies with R.C. 4303.271. See Erie House, Inc. v. Liquor ControlCommission (July 21, 1994), Cuyahoga App. No. 65822, unreported at 2.
In any event, appellant did not raise this specific issue at the Liquor Control Commission hearing, therefore, the issue is waived on appeal. State v. Morris (1975), 42 Ohio St.2d 307, paragraph one of the syllabus; Loyal Order of Moose, supra, at 114. We accordingly find that appellant's challenges to the procedural prerequisites are not well taken.
Appellant's Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN AFFIRMING A DECISION OF THE OHIO LIQUOR CONTROL COMMISSION WHICH WAS NOT IN ACCORDANCE WITH LAW DUE TO THE FAILURE OF THE OHIO DEPARTMENT OF LIQUOR CONTROL AND THE OHIO LIQUOR CONTROL COMMISSION TO AFFORD APPELLANT DUE PROCESS OF LAW.
Appellant argues that "Wallace Edwards, Chairman of the Commission, received an ex parte letter from Jeffery D. Johnson, State Senator, 21st District * * *" and that this ex parte
communication violated his due process rights.
Although a copy of the brief letter sent by Senator Johnson appears in the appellate record, there is no indication that the Commission was influenced by this letter in making its decision. The letter is dated December 4, 1996, the same date as the Commission hearing. Senator Johnson, however, did not testify at the hearing. In response to the letter, Chairman Edwards thanked the Senator for his letter and informed him the hearing had already been held and that once the decision was issued a copy would be forwarded to him. The letter was not added as an exhibit to the hearing evidence. The Ohio Supreme Court in State ex. rel.Unger v. Industrial Comm. (1994), 70 Ohio St.3d 672, recently set forth the standard in determining if an ex parte communication constitutes a violation of due process rights as follows:
 [A]ssuming arguendo that ex parte communication occurred, it does not automatically constitute a due process violation. As stated in Southwest Sunsites, Inc. v. Fed. Trade Comm. (C.A.9, 1986), 785 F.2d 1431, 1436-1437:
 "Ex parte communications do not void an agency decision." PATCO v. FLRA, 685 F.2d 547 (D.C. Cir. 1982). "The agency decision is voidable and the court will consider whether "the agency's decision making process was irrevocably tainted so as to make the ultimate judgment of the agency unfair, either to an innocent party or to the public interest that the agency is obliged to protect." Id. at 564. Relevant considerations are the gravity of the ex parte communication, whether the communication may have influenced the decision, whether the party making the communication benefitted from the. decision, whether opposing parties knew of the communication and had an opportunity to rebut, and whether vacation and remand of the decision would serve a useful purpose. Id.
The court is concerned primarily with the integrity of process and the fairness of the result rather than the adherence to mechanistic rules. Id.
Id., at 674-675.
The Court citing to In re Investigators of Natl. Union FireIns. Co. of Pittsburgh, Pa. (1993), 66 Ohio St.3d 81, 88, went on to hold:
 "Incumbent upon National Union was the burden to overcome the presumption of honesty and integrity affording those serving as adjudicators. Withrow v. Larkin (1975), 421 U.S. 35, 47. In the absence of such proof and taking the administrative process as a whole, we are unable to agree with National Union that such ex parte communications, standing alone, violated its right to due process.
Id., at 675.
Likewise, in the case herein, we find appellant has failed to establish that the Commission was influenced by the ex parte
contact. Chairman Edwards in his letter informed the Senator that the hearing had already occurred and did not indicate that the letter would be added to the evidence. Furthermore, even without the letter there was substantial evidence in the form of several officers' testimony regarding the criminal activity in the area, which supported the Commission's decision to not renew the appellant's license. Therefore, we find no due process violation occurred.
Appellant's Assignment of Error II is overruled.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN AFFIRMING A DECISION OF THE OHIO LIQUOR CONTROL COMMISSION WHICH WAS NOT IN ACCORDANCE WITH LAW DUE TO THE FACT THAT APPELLANT WAS DENIED THE EQUAL PROTECTION OF THE LAWS.
Appellant claims that his equal protection rights have been violated because of an alleged discriminatory hearsay remark. Appellant's witness, Mr. Sam Clay, who had previously lived above the store, gave hearsay testimony to the Commission indicating that Cleveland Councilwoman Fanny Lewis had stated that "I don't like no Arab," presumably a reference to the appellant. This statement was elicited by appellant's attorney.
The record does not establish that this hearsay testimony was considered by the Commission or given any weight on the issue of whether to renew the appellant's liquor permit. It is not reflected or referenced in the Commission's findings.
There is no indication that the common pleas court abused its discretion in deciding this issue and disregarding the hearsay comment.
Appellant's Assignment of Error III is overruled.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN AFFIRMING A DECISION OF THE OHIO LIQUOR CONTROL COMMISSION WHICH WAS NOT SUPPORTED BY RELIABLE, SUBSTANTIAL AND PROBATIVE EVIDENCE.
The Legislature has mandated that a liquor license's existence is limited solely to a one-year period. R.C. 4303.27. A yearly review must then be made to determine whether the business operation and its patronage have had a prejudicial effect on public decency, sobriety and good order. To be sure, the license is entitled to be renewed unless the Department rejects it for "good cause," pursuant to R.C. 4303.271. The evidence to support the Department's "good cause" rejection is not limited to one isolated incident and encompasses the cumulative effect of adverse environmental conditions, i.e., the business operation, the criminal or anti-social activity engendered and the burden on law enforcement. The courts have repeatedly held that the adverse effect on the neighborhood and law enforcement is one of the primary considerations in a "good cause" rejection. Leo G.Keffalas, supra; Appeal of Mendlowitz (1967), 9 Ohio App.2d 83,88; Buckeye Bar, Inc. v. Liquor Control Comm. (1972), 32 Ohio App.2d 89,91-92. We find in the case at bar the Commission had ample evidence to support its order and the common pleas court did not abuse its discretion in affirming the Commission order.
The primary law which sets forth the criteria for rejection of an application for license renewal and the satisfaction of the "good cause" test for such rejection is R.C. 4303.292, which provides in pertinent part:
 (A) The department of liquor control may refuse to * * * renew * * * any retail permit issued under this Chapter if it finds:
(1) That the applicant * * *:
* * *
 (b) Has operated his liquor permit business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state or any other state;
 (2) That the place for which the permit is sought:
* * *
 (c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace or good order would result from the issuance, renewal, transfer of location, or operation thereunder by the applicant.
In short, the Commission may take into consideration the adverse effect on the neighborhood that the license renewal may have.
Even though appellant's operation may not per se cause the illicit drug activity, there may be "good cause" for non-renewal where it constitutes a breeding ground for a deleterious environment. See TBBTR, Inc. v. Liquor Control Commission (Oct. 19, 1993), Franklin App. No. 93AP-158, unreported at 5:
 With regard to the nature of the area surrounding the permit premises, the evidence amply shows that this establishment can hardly have had an uplifting effect. Even if other influences have asserted a negative affect on the area, outside of appellant's control, this can only underlie the importance to the city and the commission of maintaining strict compliance with liquor control laws in the vicinity.
See, also, Erie House, Inc. v. Liquor Control Comm. (July 21, 1994), Cuyahoga App. No. 65822, unreported; WJL, Jr. v. LiquorControl Comm. (July 30, 1992), Cuyahoga App. No. 60868, unreported; Dr. Dan, Inc. v. Liquor Control Comm. (Nov. 17, 1998), Franklin App. No. 98AP-243; Paul Davis v. Liquor ControlCommission (June 8, 1995), Franklin App. No. 94APE12-1779, unreported; Christopher D. Maggiore v. Liquor Control Commission
(March 29, 1996), Franklin App. No. 95APE06-713, unreported;Keffalas, Inc. v. Liquor Control Commission (1991), 74 Ohio App.3d 650;Ravenna Restaurant, Inc. v. Liquor Control Commission
(Nov. 2, 1990), Portage App. No. 90-P-2173, unreported; MeschuggaCo. v. Liquor Control Commission (Feb. 14, 1990), Hamilton App. No. C-890031, unreported.
The evidence submitted in support of the Order rejecting the renewal of this license was sufficient to establish that the operation of this license at its present location substantially interferes with the peace, good order and sobriety of the community. Several officers testified to the criminal activity in the immediate area of the premises and that drug dealers frequent the store. Some of the dealers have even used the store premises to abandon their drugs when police are sighted. Reverse drug stings at the store showed that the police were solicited by a large number of people wishing to purchase drugs. One officer opined that a fair number of people who abuse drugs also drink and that the store is a convement place to make one stop for both.
Appellant's reliance on Marwan, Inc. v. Liquor Control (1994),93 Ohio App.3d 229, is misplaced. The rejected renewal in Marwan
was not specifically based on R.C. 4303.292(A) (2) (c). Rather, it was based on the failure of the Commission to raise a violation of R.C. 4303.292(A) (2) (c). The Court states at page 238:
 Although the state now argues at length in its brief that there were environmental conditions in the neighborhood * * * that would have supported a refusal to renew based on R.C. 4303.292(A) (2) (c) * * * that has not been stated by the department as a reason for non-renewal * * * (Emphasis by Court)
Furthermore, the Department's decision herein rejecting nonrenewal of the license specifically stated:
 The place for which the permit is sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace and good order would result from the renewal of the permit and operation thereunder by the applicant. (Emphasis added.)
Therefore, the Department's concern with the environmental effect on the neighborhood had do with where the store was located and not any wrongdoing on the part of the appellant. As this Court held in WJL, Jr. v. Liquor Control Comm. (July 30, 1992), Cuyahoga App. No. 60868, unreported, in distinguishingQuaranta v. Liquor Control Comm. (1983), 17 Ohio App.3d 156, a case on which this Court in Marwan, supra relied:
 Citing to the syllabus of Quaranta v. Liquor Control Comm. (1983), 17 Ohio App.3d 156, appellant argues there is no evidence in the record to show that appellant caused any environmental problems, nor did appellee demonstrate a general unfitness of appellant to continue to engage in the liquor business. In Quaranta, the court stated that the Liquor Control Commission could have refused to grant a liquor permit based on "environmental factors," pursuant to R.C. 4303.292(A) (1) (b), where the permit holder by his actions caused the complained-of environmental problem through a disregard for laws, regulations, or local ordinances. However, in the present case, appellee's first-stated reason for refusing to renew appellant's permit is based on R.C. 4303.292(A) (2) (c), which refers to the location of the permit premises and not to any actions on the part of the permit holder. Thus, in interpreting R.C. 4303.292(A) (2), location, and not the permit holder's action or inaction, is the controlling factor.
Id. at 12-13. In Marwan, supra, we were not confronted with the Commission finding that the location of the store created an environmental factor harmful to the neighborhood, as we do in the case herein.
Moreover, this Court has recognized in other cases that even if the environment is not of appellant's making, the public interest must prevail. We held in Zan, Inc. v. Liquor Control Comm. (June 14, 1979), Cuyahoga App. No. 39024, unreported at 5:
 Although there is no evidence to connect the owners of the bar with the instigation of the events described, nor any indications that they did not try to control the situation, this is not dispositive of the environmental basis for the denial of a renewal of a liquor permit. The causation important to nonrenewal based on environmental considerations is that which is sufficient to establish a connection between the permit premises and environmental difficulties. If these cause substantial prejudice to the public decency, sobriety, and good order, then good cause is proven. The record here amply supports a linkage between the presence of the Black Fox Lounge and that necessary prejudicial affect. There can be no doubt that the proof here meets the preponderance of evidence test. Thus, there is reliable, probative and substantial evidence to support good cause for denial of the application for renewal.
See, also, our decision in Erie House, Inc. v. Liquor ControlCommission (July 21, 1994), Cuyahoga App. No. 65822, unreported at 2-3.
 "Good cause may be evidenced by environmental conditions alone, without involving any knowledge or negligence of the permit holder of the "cumulative effect' or prior, established violations." Zan, Inc. v. Liquor Control Commission (June 14, 1979), Cuyahoga App. No. 39024, unreported. These "environmental factors" pertain to the maintenance of public decency, sobriety, and good order. See R.C. 4303.292, Ohio Adm. Code 4301:1-1-12.
 Accordingly, the permit holder need not, by his own actions, be directly responsible for the offending environmental factors. The adverse environmental factors sufficient to rise to a level of "good cause" for nonrenewal may be created by "intoxicated people coming to and from [the permit premises] and destroying property, trespassing, using obscene language or indecent conduct." Whispers, Inc. v. Liquor Control Commission
(May 11, 1989), Columbiana C.P. No. 88-CIV-590, unreported.
We find no abuse of discretion by the trial court in affirming the Commission's good cause order for non-renewal.
Appellant's Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., and BLACKMON, J., CONCUR.
 _________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE